**Affirmed in Part, Reversed in Part, Remanded, and Majority and Concurring Opinions filed October 15, 2020.**



In the

## Fourteenth Court of Appeals

### NO. 14-19-00334-CV

### FORT BEND CENTRAL APPRAISAL DISTRICT, Appellant

### v.

### MCGEE CHAPEL BAPTIST CHURCH, Appellee

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCV-241463**

### CONCURRING OPINION

"Subject matter jurisdiction is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Even when not raised by the parties, defects in subject-matter jurisdiction "may—indeed, *must*—be raised by an appellate court on its own." *Am. K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 260 (Tex. 2018) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46). While I agree with the bulk of the court's analysis of

this case, I part ways with its treatment of McGee Chapel's argument that the trial court has jurisdiction over McGee Chapel's request for judicial review of the 2019 Protest.

I respectfully concur.

The court writes:

> On appeal, the District assigns error only as to the trial court's denial of its jurisdictional plea. The District does not assert that the trial court lacks jurisdiction over the part of the amended petition that challenges the ARB's ruling on the 2019 Protest. In this context, the issue of whether the trial court has jurisdiction over this part of the amended petition is not before this court, and we express no opinion on the trial court's jurisdiction over this part of the amended petition.

I take issue with the court's characterization of an issue of subject-matter jurisdiction as being "not before this court." This language flies in the face of the supreme court's explicit guidance that an issue of subject-matter jurisdiction is always before the court. *See id.*; *see also Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) (appellate court erred by failing to consider merits of standing and ripeness challenges on interlocutory appeal even though issues had not been raised in trial court). This is so because an appellate court's jurisdiction derives from the trial court's jurisdiction, giving rise to a responsibility on the part of the appellate court to analyze subject-matter jurisdiction even when the parties have not raised it, and especially when they have, as the court concludes is the case here. *See Am. K-9 Detection Servs.*, 556 S.W.3d at 260 (appellate court "*must*" examine subject-matter jurisdiction on its own); *see also Good Shepherd Med. Ctr., Inc. v. State*, 306 S.W.3d 825, 837 (Tex. App.—Austin 2010, no pet.) (appellate court has "a duty to consider a question of subject-matter jurisdiction sua sponte because the district court's power to decide the merits, as well as our own, rests upon it") (citing *Texas Ass'n of Bus.*, 852 S.W.2d at 443–46).

I ultimately conclude the record reveals no jurisdictional deficiencies barring disposition of this appeal or further proceedings on remand, and otherwise agree with the court's judgment. However, I disagree with the suggestion that we may ignore a potential defect in subject-matter jurisdiction because it is "not before this court."

It is elementary that when an intermediate appellate court affirms the trial court in a civil case, the appellate-court judgment, either explicitly or implicitly, is that the trial-court judgment contains (1) no fundamental error and (2) no reversible error as to issues (a) preserved in the trial court, if necessary, and (b) presented on appeal. Issues of fundamental error are *always* before the court, regardless of what the parties do. *See In re A.J.A.R.*, No. 14-20-00084-CV, 2020 WL 4275803, at *1 (Tex. App.—Houston [14th Dist.] July 24, 2020, no pet. h.) (Spain, J., dissenting and concurring) (discussing Robert W. Calvert, *Appellate Court Judgments or Strange Things Happen on the Way to Judgment*, 6 TEX. TECH L. REV. 915 (1975)); *see also Polaris Guidance Sys., LLC v. EOG Res., Inc.*, 575 S.W.3d 85, 92 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (Spain, J., concurring).

Accordingly, I concur in the court's judgment only.


/s/      Charles A. Spain
          Justice


Panel consists of Chief Justice Frost and Justices Jewell and Spain (Jewell, J., majority).

3